**FIRST NATIONAL BANK OF HASTINGS, Appellant,**

v.

**Michael J. McNAMARA, Respondent.**

**FIRST NATIONAL BANK OF HASTINGS, Respondent,**

v.

**Michael J. McNAMARA, Appellant.**

**Nos. C8–84–515, C4–84–625.**

Court of Appeals of Minnesota.

Nov. 6, 1984.

Robert Bennett, Terrence J. Fleming, Delaney & Solum, Ltd., Minneapolis, for appellant.

Bernie M. Dusich, McMenomy, Sheldon, Dusich & Hansen, P.A., Rosemount, for respondent.

Heard, considered and decided by WOZNIAK, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

FORSBERG, Judge.

Both parties appeal from a judgment in favor of appellant First National Bank of Hastings (Hastings) against Michael McNamara in the amount of $32,300.00. Appellant claims the court erred in not awarding cost of collection and computing the interest rate at 6% from date of maturity to judgment, and respondent claims that the court should have granted him judgment notwithstanding the verdict.

## FACTS

On April 14, 1982, appellant Hastings loaned a corporation called McRaith, Inc. the sum of $30,821.57. Respondent McNamara was a larger investor in McRaith, Inc.

He was also a director of the Richfield Bank and Trust Company. On the date of the loan, Hastings had an overdraft in the McRaith account and, before returning the checks, contacted McNamara who secured a loan for the corporation, and upon demand by Hastings agreed to guarantee the loan. The guarantee was confirmed by a mailgram which read as follows: "will guarantee $32,300 refer McRaith Motors, M.D. McNamara."

Subsequently, McRaith filed bankruptcy and Hastings sued McNamara on the guarantee. McNamara claims that the guarantee is conditional. Hastings argues that it is unconditional and the jury so found.

### ISSUES

1. Was the jury verdict supported by the evidence?

2. Did the court err in not submitting in its instructions the law of the guarantee of collection?

3. Did the court err in determining that interest added to the judgment should be the legal rate of 6% for the period from the date of maturity to the date of judgment instead of the intent rate of 19% contained in the note?

4. Did the court err in not allowing the cost of collection?

### ANALYSIS

#### I.

◼ The sole question submitted by the court to the jury was whether the guarantee by McNamara was unconditional. The jury answered yes. The evidence submitted clearly supported the verdict.

#### II.

◼ McNamara also claimed that the court failed to submit to the jury the law of the guarantee of collection. In fact the jury instruction, virtually excluding any consideration of a possible condition of collectability, read as follows:

An unconditional guarantee is a promise that if for any reason the instrument remains unpaid at the end of the day on which it falls due regardless of whether there has been any attempt to collect from the primary party, the guarantor of payment will then pay it without resort to the holder—by the holder to any other party.

However, McNamara at no time objected to the instruction or the verdict form, and has only raised this issue on appeal. By failing to object to the proposed instructions, McNamara waived any right to challenge the instruction. *La Valle v. Aqualand Pool Co., Inc.*, 257 N.W.2d 324, 327–28 (Minn.1977), Minn.R.Civ.P. 51. Moreover, there was no testimony by McNamara that collectability was such a condition of the guarantee.

#### III.

The court found that the interest rate for the term of the loan was 19%. The court further found that the note provided for a place to fill in a rate for post-maturity interest but that this blank was not filled in and no post-maturity interest was agreed upon between the parties. The court determined that the post-maturity interest should be computed at the legal rate of 6%. We disagree.

◼ Minnesota law fixes the interest for indebtedness at:

the rate of $6 upon $100 for a year unless a different rate is contracted for in writing. * * * Contracts shall bear the same rate of interest after they come due as before * * *

Minn.Stat. § 334.01(1) (1982). The parties contracted for a 19% interest rate for the term of the loan. Since they did not agree to a different post-maturity interest rate, the same 19% rate applies.

#### IV.

The court also limited liability to $32,300, the amount stated in the mailgram and thus denied attorneys fees. We believe that the court was incorrect.

◼ The jury, in finding that the guarantee was unconditional, precluded any dol-

lar limitation on the amount to be recovered. Under an unconditional guarantee, the guarantor's liability is equal to that of the maker of the note.

Minn.Stat. § 336.3–416 states in relevant part:

(1) "Payment guaranteed" or equivalent words added to a signature mean that the signer engages that if the instrument is not paid when due he will pay it *according to its tenor* without resort by the holder to any other party.

＊ ＊ ＊ ＊ ＊ ＊

(3) Words of guarantee which *do not* otherwise specify guarantee payment.

(Emphasis added.) This transaction was clearly a *unitary one* and the note and the guarantee have to be construed as one.

Moreover, the evidence indicated that the term "32,300" was not intended to serve as words of limitation but was merely identifying the note in question. Therefore, the matter is remanded to determine the costs of collection and amend the judgment accordingly.

### DECISION

Affirmed in part, reversed and remanded in part.